IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDNA MILLER,

      Plaintiff,[1]

    vs.

CALIFORNIA ATTORNEY
GENERAL'S OFFICE, et al.,

      Defendants.

                                 /

No. CIV S-10-1699 GEB DAD PS

FINDINGS & RECOMMENDATIONS

        The above-captioned case came before the court on September 3, 2010, for hearing of defendants' properly noticed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Kenneth C. Jones, Esq. appeared telephonically for the defendants. No appearance was made by or on behalf of plaintiff, who is proceeding pro se in this action. Plaintiff did, however, file timely written opposition to defendants' motion. After hearing defendants' arguments, the undersigned took the motion under submission.

        Upon consideration of the parties' briefs on file, defendants' arguments at the hearing, and the entire file, the undersigned will recommend that defendants' motion be granted,

---

[1] Although plaintiff's filings contain references to "plaintiffs," there is only one plaintiff in this action. See Compl. filed Nov. 25, 2009 (Doc. No. 1) at 1; First Am. Compl. filed Dec. 1, 2009 (Doc. No. 5) at 1-3.

1

that plaintiff's federal claims be dismissed without leave to file a second amended complaint, and that plaintiff's state law claims be dismissed without prejudice.

PROCEDURAL HISTORY

Plaintiff commenced this action on November 25, 2009 by filing a complaint and paying the filing fee in the United States District Court for the Central District of California. Plaintiff filed a first amended complaint on December 1, 2009, and new summonses were issued. On May 14, 2010, plaintiff applied for entry of default against all defendants. The application was denied by the Clerk of the Court due to plaintiff's failure to demonstrate proper service of process. On May 24, 2010, defendants filed motions to dismiss plaintiff's first amended complaint and to transfer the case to the Eastern District of California. Plaintiff filed a second application for entry of default against defendants, but the Clerk of the Court properly declined to enter default in light of defendants' pending motions. Plaintiff then filed opposition to defendants' motions. On June 28, 2010, the U.S. District Court for the Central District of California granted defendants' motion to transfer and denied defendants' motion to dismiss without prejudice to renewal of the motion in the Eastern District of California.

This case was opened in the Eastern District on July 1, 2010. By order filed July 16, 2010, the undersigned directed defendants to file a renewed motion to dismiss or an answer within fourteen days. Defendants filed their renewed motion to dismiss on July 27, 2010.

PLAINTIFF'S CLAIMS

Plaintiff alleges that she is a civil service peace officer currently on medical leave from the California Department of Corrections and Rehabilitation (CDCR). (First Am. Compl. (FAC) (Doc. No. 5) ¶ 3.) Plaintiff alleges that in 1999 she filed an employment discrimination suit against the CDCR in Sacramento County Superior Court and that she was subjected to ongoing retaliation and harassment during the state court proceedings, in violation of Title VII and California's Fair Employment and Housing Act (FEHA). (FAC ¶¶ 1, 4-5.) Defendants are the CDCR, the California Attorney General's Office (AGO), and three attorneys employed by the

AGO: Julie Harlan, David J. Neil, and Jill H. Talley. (FAC ¶¶ 7-11.)

Plaintiff identifies the following thirteen causes of action in her first amended complaint: (1) violation of privacy of consumer financial information under provisions of the "G-L-B Act" governing disclosure of nonpublic personal information by financial institutions (FAC ¶¶ 34-45); (2) violation of 29 U.S.C. § 2612[2] (FAC ¶¶ 46-52); (3) discrimination in violation of public policy under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(h) (FAC ¶¶ 53-61); (4) violation of the right to privacy in the details of one's personal life and invasion of privacy in violation of civil liberties under the California Constitution and the Due Process Clause of the United States Constitution (FAC ¶¶ 62-66); (5) violation of intentional or unintentional disclosure provisions, Cal. Gov't Code §§ 3307.5(a), 3307.5(b) & 3307.9(d) (FAC ¶¶ 67-74); (6) defamation/libel (FAC ¶¶ 75-84); (7) employment discrimination in violation of public policy under Cal. Gov't Code § 19050.8, Title VII, FEHA, Americans With Disabilities Act of 1990 (ADA), and 42 U.S.C. § 1983 (FAC ¶¶ 85-94); (8) § 1983 claim for violation of Fourteenth Amendment rights to equal protection and due process (FAC ¶¶ 95-102); (9) assault by defendant Neil when he threw a file toward plaintiff and hit her in the chest on January 29, 2008 (FAC ¶¶ 103-106); (10) violation of plaintiff's human rights by defendant Talley on November 23, 2009, when the defendant submitted to the state court a document containing a deceptive interpretation of plaintiff's request for reinstatement (FAC ¶¶ 107-111); (11) defendants' payment of fees to plaintiff's former attorney, in violation of the contingency fee agreement between plaintiff and the attorney (FAC ¶¶ 112-116); (12) tortious interference with plaintiff's business relationships by defendants Neil, Harlan, and Talley when they issued subpoenas to entities with whom plaintiff and her partner had actual or prospective business relationships (FAC ¶¶ 117-120); and (13) intentional infliction of emotional distress on plaintiff by all defendants (FAC ¶¶ 121-125).

---

[2] The statute is part of the Family Medical Leave Act of 1993.

3

Plaintiff asserts federal jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. (FAC ¶ 13.) Plaintiff also alleges that she complied with the requirements of the California Tort Claims Act by filing government claims on January 30, 2008, June 23, 2008, and December 8, 2008, and that the causes of action in those claims were presented to and denied by the Equal Employment Opportunity Commission (EEOC) on August 25, 2009. (FAC ¶14.)

By her prayer for relief, plaintiff seeks compensatory damages, including general damages and loss of earnings; punitive and exemplary damages; costs of suit; and attorney fees. (FAC at 34-35.)

ANALYSIS

I. Standards Applicable to Motions to Dismiss

Defendants' motion to dismiss has been brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). Plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

Rule 12(b)(6) allows a defendant to test the legal sufficiency of a complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on

the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

II. The Parties' Arguments

        Defendants argue that with respect to all of her claims except Claim 8, plaintiff's first amended complaint fails to set forth sufficient facts to state a cause of action because plaintiff failed to file a government claim and/or to exhaust other available administrative remedies and the court lacks subject matter jurisdiction over the claims. Defendants contend that with respect to Claims 1, 4, 5, 6, 7, 8, 10, 11, 12, and 13 plaintiff's first amended complaint also fails to set forth sufficient facts to state a cause of action because defendants' conduct is protected by the litigation privilege and prosecutorial immunity. Defendants also assert that plaintiff's Claim 8 fails to set forth sufficient facts to state a cognizable § 1983 cause of action because the statute of limitations has expired, the claim is based on state laws, and the state agencies are not subject to suit thereon. Defendants also argue that the court lacks subject matter jurisdiction over all of plaintiff's claims except Claim 8.

1  In opposition, plaintiff argues first that a motion to dismiss for failure to state a
2  claim should only be granted in extraordinary cases.³  In response to defendants' arguments
3  concerning plaintiff's failure to file government claims, plaintiff offers a confusing argument
4  about equitable estoppel and asks this court to permit her to file late claims.  Plaintiff denies that
5  defendants are immune from suit or protected by any privilege.  In reliance on the out-of-date
6  pleading standard discussed below, plaintiff argues that she is entitled to proceed with her claim
7  for tortious interference.  Plaintiff contends that the Title VII claim in her first amended
8  complaint is timely because it relates back to her original complaint in this action under Fed. R.
9  Civ. P. 15(c).  Finally, plaintiff requests leave to amend if the court determines that defendants'
10 motion to dismiss should be granted.

III. Discussion

The undersigned turns first to plaintiff's federal claims in order to determine whether plaintiff has stated, or may be able to state, any claim over which this court has original jurisdiction.  Absent such a claim, the court should decline to exercise supplemental jurisdiction over plaintiff's state claims.

Liberally construed, plaintiff's first, second, fourth, seventh and eighth causes of action appear to be grounded, in whole or in part, on federal law.  In Claim 1, plaintiff alleges a violation of her right to privacy in her financial information under the "G-L-B Act."  In Claim 2, plaintiff alleges a violation of her rights under the Family Medical Leave Act of 1993, 29 U.S.C.

---

³ Plaintiff's argument in this regard is grounded on out-of-date authority.  In 2007, the United States Supreme Court abrogated Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and the long line of cases that read Conley as holding that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.  Bell, 550 U.S. at 560-63.  The pleading standard articulated in Bell requires "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  See Ashcroft v. Iqbal, ___ U.S. ___, ___ 129 S. Ct. 1937, 1949 (2009) (holding that a complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to state a claim to relief that is plausible on its face); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (applying the Iqbal standard for reviewing complaints but joining five other circuits in continuing to construe pro se filings liberally).

6

§ 2612. In Claim 4, plaintiff alleges invasion of her privacy and civil liberties under state law and the Due Process Clause. In Claim 7, plaintiff alleges employment discrimination in violation of Title VII, the ADA, and 42 U.S.C. § 1983. In Claim 8, plaintiff alleges a § 1983 claim for violation of her Fourteenth Amendment rights to equal protection and due process. The court will address each of these claims in turn.

  A. <u>Plaintiff's First Cause of Action</u>

    The court finds that plaintiff's first cause of action fails to state a claim upon which this court can grant relief. The "G-L-B" Act cited by plaintiff is the Federal Financial Modernization Act, commonly known as the Gramm-Leach-Bliley (GLB) Act, 15 U.S.C. § 6801. The GLB Act imposes on financial institutions "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801(a). To implement that obligation, the GLB Act required appropriate federal entities[4] to establish standards for the specific financial institutions subject to the entities' jurisdiction, and those standards have been designed to insure the security and confidentiality of customer records and information, to protect against anticipated threats or hazards to the security or integrity of such records, and to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer. 15 U.S.C. § 6801(b). It is evident from plaintiff's pleading that her reliance on the GLB Act is misplaced, as no defendant in this action is a financial institution subject to the provisions of the Act. See American Bar Ass'n v. F.T.C., 430 F.3d 457, 466-73 (D.C. Cir. 2005) (concluding that the privacy provisions of the GLB Act did not apply to attorneys engaged in the practice of law). Plaintiff's first amended complaint

---

  [4] The administration and enforcement of the GLB Act is the responsibility of the Securities and Exchange Commission, Federal Trade Commission, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, Office of the Comptroller of the Currency, Office of Thrift Supervision, National Credit Union Administration, and the heads of these entities. 15 U.S.C. § 6805(a) & (b).

7

therefore fails to state a claim under the GLB Act, and the defect cannot be cured by amendment. Accordingly, the undersigned will recommend that Claim 1 be dismissed with prejudice.

### B. Plaintiff's Second Cause of Action

The undersigned finds that plaintiff's second cause of action, which is predicated on entitlement to leave and medical benefits under the Family Medical Leave Act (FMLA), is barred by the Eleventh Amendment and must be dismissed for lack of subject matter jurisdiction. Plaintiff alleges that she went out on medical disability leave in 1998 and was entitled to unpaid leave and maintenance of health benefits at all times thereafter, but that defendants, for retaliatory purposes, interfered with her entitlements by suspending her medical benefits in 2002 and again in 2005-06. (FAC ¶¶47-51.) Plaintiff grounds her entitlement to unpaid leave on 29 U.S.C. § 2612(a)(1)(D), which permits an employee to take leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

In 2003, the United States Supreme Court held that Congress abrogated the states' Eleventh Amendment immunity as to 29 U.S.C. § 2612(a)(1)(C), the FMLA provision that entitles employees to take up to 12 weeks of unpaid leave per year to care for a spouse, child, or parent with a serious health condition. Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 724-25 (2003). The Court determined that Congress validly abrogated state immunity against the family care provision pursuant to Section 5 of the Fourteenth Amendment because Congress had focused on gender discrimination issues that arise when an employee cares for family members. Id. at 728-29. The Court did not address whether the abrogation of state immunity extended to the family care provisions contained in § 2612(a)(1)(A) (bearing and caring for a child) and (B) (adopting or providing foster care for a child), or to the "self-care" provision contained in § 2612(a)(1)(D).

All federal circuit and almost all district courts that have considered the matter since the Hibbs decision have extended the Supreme Court's holding to the other family care

provisions contained in § 2612(a)(1) but have declined to extend the holding to self-care claims arising under § 2612(a)(1)(D). As the Tenth Circuit explained in Brockman v. Wyoming Department of Family Services, 342 F.3d 1159 (10th Cir. 2003), the legislative history regarding the self-care provision, in contrast to the legislative history regarding the family care provisions, does not sufficiently tie personal medical leave to the prevention of gender-based discrimination. 342 F.3d at 1164-65. Absent such a tie, Congress cannot be found to have rescinded the states' Eleventh Amendment immunity with regard to personal leave under the FMLA. Id. at 1165. See also Skeens v. Arizona, No. CV 06-02775-PHX-NVW, 2007 WL 1317260, at *1 (D. Ariz. May 4, 2007) ("Others have surveyed this ground and found the self-care provision of the FMLA beyond the metes and bounds of Congress' Fourteenth Amendment enforcement power to abrogate the Eleventh Amendment limitation on the federal judicial power.") (citing Miles v. Bellfonatine Habilitation Ctr., 481 F.3d 1106 (8th Cir. 2007); Touvell v. Ohio Dep't of Mental Retardation & Dev. Disabilities, 422 F.3d 392, 397-405 (6th Cir. 2005), cert. denied 546 U.S. 1173 (2006); Brockman, 342 F.3d at 164-65, cert. denied, 540 U.S. 1219 (2004); and Wennihan v. AHCCCS, 515 F. Supp. 2d 1040 (D. Ariz. 2005)); Coleman v. Maryland Court of Appeals, 626 F.3d 187, 194 (4th Cir. 2010) (joining other circuits in concluding that FMLA claims under the self-care provision are barred by the Eleventh Amendment) (citing Nelson v. Univ. of Tex. at Dallas, 535 F.3d 318, 321 (5th Cir. 2008); Toeller v. Wisconsin Dep't of Corrections, 461 F.3d 871, 879 (7th Cir. 2006), as well as Touvell and Brockman). Since this jurisdictional defect in plaintiff's FMLA claim cannot be cured by amendment, the undersigned will recommend that plaintiff's Claim 2 be dismissed with prejudice.

  C.  Plaintiff's Fourth Cause of Action

   The undersigned finds that plaintiff's fourth cause of action, which alleges a violation of plaintiff's right to privacy as to the details of her personal life and an invasion of her privacy in violation of civil liberties arising from the California Constitution and the Due Process Clause of the United States Constitution, fails to state a claim to relief that is plausible on its

face. The alleged privacy violations occurred during two depositions taken in plaintiff's state employment discrimination case and primarily concern questions posed to plaintiff's business partner and to another individual about plaintiff's and the business partner's living arrangements, personal relationships, and financial information. Plaintiff has no standing to pursue privacy claims on behalf of other persons, and her allegations regarding her own privacy in the context of litigation brought by her are far too vague and conclusory to state a federal claim to relief that is plausible on its face. The undersigned will recommend that this claim be dismissed due to plaintiff's failure to state a claim upon which relief can be granted and that the dismissal be without leave to amend due to the futility of attempting to allege a federal due process claim for the alleged violation of plaintiff's right to personal privacy arising from the discovery phase of plaintiff's state litigation.

      D.  <u>Plaintiff's Seventh Cause of Action</u>

Plaintiff's seventh cause of action alleges employment discrimination under state law and under Title VII, the ADA, and § 1983. Plaintiff identifies the following discriminatory acts: (1) "attempted forced termination" despite her status as a disabled person, (2) retaliation against her for opposing practices allegedly forbidden by statute, (3) retaliation against her for participating in administrative and judicial proceedings to protect her rights, and (4) denial of interactive process and reasonable accommodation to enable her to return to work.

Plaintiff's assertion of "attempted forced termination" is based on documents sent to plaintiff's counsel by the AGO defendants on behalf of the CDCR during settlement efforts in the state court proceedings. Defendant CDCR indicated that it declined to settle the case unless plaintiff agreed to voluntarily resign her employment with the CDCR, never seek employment with the State of California again, waive any right to reinstatement, and, if ever inadvertently offered employment with the State of California, to accept termination and waive any right to challenge such termination. Plaintiff asserts that defendants were not sincere with respect to settlement efforts in the state court litigation and instead engaged in "deceptive negotiating

tactics" for the purpose of preventing her from returning to work.  In regard to the alleged deceptive negotiating tactics, plaintiff complains that she was asked at her deposition and at other times to specify positions she would accept in lieu of returning to her previous work and that she provided names of such acceptable positions, to no avail.

Defendants argue that plaintiff failed to exhaust administrative remedies on the claims included in her seventh cause of action.  However, the undersigned finds this argument to be without merit as to plaintiff's federal claims.  It is undisputed that plaintiff filed complaints with the EEOC alleging retaliatory actions by the AGO defendants during the state court litigation proceedings and that she received a right-to-sue letter in response to those complaints.  Accordingly, plaintiff's federal claims should not be dismissed as unexhausted.

It is also undisputed that plaintiff commenced this action by filing a complaint in a federal district court within the 90-day period specified in her right-to-sue letter.  Defendants argue, however, that plaintiff's timely initial complaint was so defective that her first amended complaint, filed after the 90-day right-to-sue deadline expired, cannot relate back to the timely initial complaint and should be dismissed as time-barred.  While plaintiff's initial complaint appears at first blush to be a mere outline or skeleton of a complaint, the pro se complaint includes as exhibits copies of the EEOC complaints in which plaintiff set forth detailed factual allegations and the relief sought.  The initial timely pleading in this case is thus distinguishable from the initial pleading in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), which was so deficient that the Supreme Court determined that there was no timely pleading to which the plaintiff's untimely amended complaint could relate back.  The undersigned finds that the federal claims alleged in plaintiff's first amended complaint relate back to the filing of the initial timely complaint and should not be dismissed as time-barred.

Defendants argue next that the absolute litigation privilege codified in California Civil Code § 47(b) applies to all of plaintiff's claims because those claims are based solely on litigation conduct and statements made in judicial proceedings.  However, California's litigation

privilege does not apply to alleged violations of constitutional rights and federal statutes such as § 1983, Title VII, and the ADA.  Howlett v. Rose, 496 U.S. 356, 376-77 (1990); Felder v. Casey, 487 U.S. 131, 139 (1988); Pardi v. Kaiser Foundation Hosps., 389 F.3d 840, 851 (9th Cir. 2004); Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996); Sosa v. Hiraoka, 920 F.2d 1451, 1460 & n.3 (9th Cir. 1990).  Accordingly, the undersigned finds that the litigation privilege does not apply to the federal claims alleged in plaintiff's seventh cause of action.

Nonetheless, after careful examination of the factual allegations presented in support of the federal claims in the seventh cause of action, the court finds that plaintiff has failed to state a plausible claim of employment discrimination under Title VII, the ADA, or § 1983.  As an initial matter, the court notes that the three individual defendants and defendant AGO were not plaintiff's employer and lacked the ability to take any employment action against her.  Plaintiff indicates that the § 1983 claim in her seventh cause of action arises under the Equal Protection Clause and consists generally of defendants' alleged interference with plaintiff's right to be free from discrimination and retaliation.  Plaintiff has failed to allege facts that state a plausible claim of discrimination or retaliation.  The settlement negotiations between the parties in the state litigation do not provide a factual basis for the claims asserted by plaintiff.  Parties are free to settle a case in any manner mutually agreeable to them. No settlement was reached in the case plaintiff pursued in state court, and no employment action occurred.

The § 1983 claim alleged in plaintiff's seventh cause of action must be dismissed as to the two state agency defendants because neither agency is a "person" for purposes of a claim pursuant to § 1983.  Howlett, 496 U.S. at 376 ("Since this Court has construed the word "person" in § 1983 to exclude States, neither a federal court nor a state court may entertain a § 1983 action against such a defendant."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70 (1990) (excluding States and governmental entities that are considered "arms of the State" from the definition of "person").

/////

1    The undersigned will recommend that plaintiff's seventh cause of action be
2 dismissed for failure to state a claim upon which relief can be granted.  Dismissal should be
3 without leave to amend due to the futility of attempting to allege a federal equal protection claim
4 and employment discrimination claims based merely on failed settlement negotiations in an
5 employment discrimination case brought in state court.

   E.  <u>Plaintiff's Eighth Cause of Action</u>

7    The undersigned finds that plaintiff's eighth cause of action, alleging a § 1983
8 claim for violation of plaintiff's rights to equal protection and due process under the Fourteenth
9 Amendment, fails to state a claim upon which relief may be granted.  The Fourteenth
10 Amendment to the United States Constitution provides, among other protections, that no State
11 shall deprive any person of life, liberty, or property without due process of law, or deny to any
12 person within the State's jurisdiction the equal protection of the laws.  U.S. Const. amend. XIV
13 § 1.  Section 1983 provides that if a person acting under color of state law subjects a citizen of
14 the United States "to the deprivation of any rights, privileges, or immunities secured by the
15 Constitution and laws," that person will be liable to the party injured "in an action at law, suit in
16 equity, or other proper proceeding for redress."  42 U.S.C. § 1983.  This remedy is available only
17 for enforcement of rights secured by the Constitution and laws of the United States.  28 U.S.C.
18 § 1343(a)(3) (providing district courts with original jurisdiction over any civil action to redress
19 the deprivation, under color of state law, "of any right, privilege or immunity secured by the
20 Constitution of the United States or by any Act of Congress providing for equal rights of citizens
21 or of all persons with the jurisdiction of the United States").

22    Here, plaintiff alleges that defendants, acting under color of state law, deprived
23 her of rights under the Fourteenth Amendment by failing to afford her all of the procedural rights
24 due to a peace officer under California's Peace Officer's Bill of Rights and by violating
25 California Government Code § 3309.5, which provides that it is unlawful for a public safety
26 department to deny a public safety officer the rights and protections guaranteed under California

13

law.  It is evident that in this regard plaintiff does not seek to enforce rights secured by the Constitution and laws of the United States.  Accordingly, plaintiff's § 1983 claim should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

All of plaintiff's federal claims should be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief may be granted.  The undersigned has carefully considered whether plaintiff could file a second amended complaint that states a cognizable federal claim that would not be subject to dismissal.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).  It appears that granting further leave to amend would be futile in this instance given the nature of plaintiff's complaint and the defects noted above.

Plaintiff's remaining claims are brought under state law.  A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  The undersigned will recommend that the assigned district judge decline to exercise jurisdiction over plaintiff's supplemental state law claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 27, 2010 motion to dismiss (Doc. No. 54) be granted in part;

2. Plaintiff's claims alleged under federal law be dismissed with prejudice; and

3. Plaintiff's supplemental state law claims be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file

written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
DDad1/orders.pro se/miller1699.oah090310.f&r.